# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO JOSEPH MCKENDALL | CIVIL ACTION |
| VERSUS | NO. 17-9301 |
| JESSICA PURICONIA, MR. DENKS, SUPERVISOR, DEPARTMENT OF CORRECTIONS | SECTION "R"(4) |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration of Pauper Status filed by the *pro se* prisoner plaintiff, Antonio Joseph McKendall. The plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 seeking damages and injunctive relief against the defendants, Parole Officer Jessica Puriconia, Parole Supervisor Denks, and the Louisiana Department of Corrections, alleging that his parole was improperly revoked based on false allegations of a parole violation. (Rec. Doc. No. 1, Complaint). With his complaint, McKendall submitted a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Rec. Doc. No. 2) which was denied by the Court on September 21, 2017.

The Court denied the motion pursuant to three-strikes rule under 28 U.S.C. § 1915(g), finding that McKendall, on three or more prior occasions, had brought as a pauper civil actions or appeals in the federal courts which were dismissed as frivolous, malicious, or for failure to state a claim. He has now filed a pleading construed as a Motion for Reconsideration (Rec. Doc. No. 5) in which he asks the Court to reconsider the denial of his pauper application, because of his fear that he will never be set free and that the parole officials will continue their efforts to keep him incarcerated for unfounded violations of his parole.

Pursuant to the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at 28 U.S.C. § 1915(g), an inmate may overcome the three-strike prohibition to

proceeding as a pauper only if "the prisoner is under imminent danger of serious physical injury." As noted in the Court's prior Order (Rec. Doc. No. 3) denying his pauper application, McKendall has <u>not</u> alleged that, at the time he filed this complaint, he was in imminent danger of serious physical injury, and he has not asserted that there is any ongoing serious danger to his safety. *See Cloud v. Stotts*, 455 F. App'x 534 (5th Cir. 2011); *Banos v. O'Guinn*, 144 F.3d 883, 884 (5th Cir. 1998). McKendall contends that he is mentally and physically disturbed by his continued incarceration as a result of the revocation of his parole. Mere incarceration, however, is insufficient to establish "imminent danger of serious physical injury" under § 1915(g). *See*, *Rushing v. Hill*, No. 03-CV-1793, 2003 WL 22707137, at *2 (N.D. Tex., Nov. 14, 2003); *Minnfee v. Thaler*, No. 12-cv-0370, 2012 WL 6096601, at *2 (S.D. Tex., Dec. 7, 2012). Therefore, McKendall is not entitled to proceed *in forma pauperis* pursuant to the provisions of § 1915(g). Accordingly,

**IT IS ORDERED** that McKendall's Motion for Reconsideration (Rec. Doc. No. 5) is **DENIED**.

New Orleans, Louisiana this   16th   day of October, 2017.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**